form to the requirements as to the duty of the county authority as to upkeep of said road. This is not a statement that the road in question is in such a condition that an ordinary load, with ordinary care, can not be hauled over such public road, but a mere conclusion based upon the probability or possibility that the road *will* get in such condition. We have already referred to the fact that there is no definite statement that the road has not been cleared of all stumps, trees, grubs, and bushes, etc., as required, or that there is not a carriage track at least five feet and six inches wide. There is no statement that the stretch of road now under consideration should be graded because it is "too steep, or too rough, or too boggy for practical use or the hauling of ordinary loads." Nor is there any allegation of extraordinary work which it is alleged should be done which "can not be done by the road hands subject to road duty under the laws of this State." As to the discretion lodged in county authorities, and also especially as to roads, and other instances, see: *Terry* v. *Wade,* 149 *Ga.* 580 (101 S. E. 539); *Jackson* v. *Highway Board,* 164 *Ga.* 434 (138 S. E. 847); *Murph* v. *Macon County,* 167 *Ga.* 859 (146 S. E. 845); *Dyer* v. *Martin,* 132 *Ga.* 445 (supra); *Dunn* v. *Beck,* 144 *Ga.* 148 (86 S. E. 385); *Harrell* v. *Smith,* 149 *Ga.* 584 (101 S. E. 771); *Raines* v. *Terrell County,* 169 *Ga.* 725 (151 S. E. 509).

After full consideration of the road laws of this State and application of the allegations of the petition to these laws, and considering the broad latitude of discretion with which the county commissioner is clothed, we hold that the judge of the superior court did not err in sustaining the demurrer and dismissing the petition.         *Judgment affirmed.   All the Justices concur.*

PAINTER *v.* PAINTER *et al.*

No. 8023. APRIL 20, 1931.

652

*J. A. McFarland* and *R. C. Pittman,* for plaintiff in error.
*William E. & W. Gordon Mann,* contra.

ROBERTS *v.* BOROUGH OF ATLANTA *et al.*

No. 8051. April 20, 1931.

*Lawrence S. Camp,* for plaintiff.
*J. L. Mayson, C. S. Winn,* and *J. C. Savage,* for defendant.

Hill, J. Under the facts of this case there was nothing to call for the interposition of a court of equity to enjoin the criminal prosecution. It is true that neither side offered evidence to show that there was an ordinance of the City of Atlanta imposing a license tax on wholesale deliveries of gasoline within the city without the payment of such tax. Even so, the defendant against whom the case had been made had an adequate remedy at law on the trial of his case, if he showed that there was no such ordinance imposing such tax by the City of Atlanta; and if he can show this on the trial of the case pending in the recorder's court, of course he could not be convicted for failing to pay a license tax. There is nothing in the record to show that there were repeated threats to make cases against the defendant, and thus bring the case within that class of cases where to do so would destroy the business of the defendant. The only evidence in the record on this line was from the license inspector who said that "he *could* make a case against the defendant each day." This case does not fall within the exception to the general rule that a court of equity will not enjoin the prosecution of a criminal or quasi-criminal proceeding. The court did not err in refusing an injunction.

*Judgment affirmed. All the Justices concur.*

GRENOBLE *v.* THE STATE.

No. 8073. April 20, 1931.